# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONNA L. H.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 21-CV-200-CDL** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of the** ) | |
| **Social Security Administration,[1]** ) | |
| ) | |
| **Defendant.** ) | |

## <u>OPINION AND ORDER</u>

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Court **reverses** the Commissioner's decision denying benefits and **remands** the case for further proceedings.

## I.    Standard of Review

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d)(1), Kilolo Kijakazi is substituted as the defendant in this action, effective upon her appointment as Acting Commissioner of Social Security in July 2021. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Thus, the court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

## II.    Background and Procedural History

Plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act (Act) on March 28, 2019. (R. 12).  Plaintiff was 40 years old on her alleged disability onset date of June 1, 2015. *Id.*  She alleged disability due to a combination of mental and physical impairments, including chronic obstructive pulmonary disease (COPD), depression, anxiety, diabetes, diabetic neuropathy, obesity, sleep apnea,

hypertension, high cholesterol. (R. 61). Before her alleged disability, plaintiff worked as a bill collector, home health aide, and fast-food manager.

Plaintiff's application was denied on initial review and again on reconsideration. Subsequently, her claim was heard via telephone hearing by an Administrative Law Judge (ALJ) on July 13, 2020. (R. 12). Testimony was given by plaintiff and a Vocational Expert (VE). *Id*. On August 19, 2020, the ALJ issued a decision denying benefits. (R. 12-31). The Appeals Council denied plaintiff's request for review of the ALJ's decision on March 3, 2021. (R. 1-6). Accordingly, the ALJ's August 19, 2020 decision became the Commissioner's final decision. (R. 1). Following the Appeals Council's denial, plaintiff timely filed a Complaint in this Court. (*See* Doc. 2). Thus, the Court has jurisdiction to review the ALJ's decision under 42 U.S.C. § 405(g).

## III.   The ALJ's Decision

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and, therefore, entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). A finding that the claimant is disabled or is not disabled at any step ends the analysis. *See id.*; *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). The claimant bears the burden on steps one through four. *Lax*, 489 F.3d at 1084.

At step one, the claimant must demonstrate that he is not engaged in any substantial gainful activity. *See id*. at 1084. Here, the ALJ determined plaintiff had not engaged in substantial gainful activity since her application date of March 28, 2019. (R. 14).

At step two, the claimant must establish an impairment or combination of impairments that is severe. *See Lax*, 489 F.3d at 1084. Here, the ALJ determined that plaintiff has severe impairments of obesity, COPD, and diabetes mellitus (with neuropathy). (R. 14). The ALJ found that plaintiff's alleged mental impairments are non-severe. *Id*.

At step three, the ALJ determines whether the claimant's severe impairment or combination of impairments is equivalent to one listed in Appendix 1 of the regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (internal quotation and citation omitted); *see* 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404, subpt. P, app'x 1 (Listings). Here, the ALJ found that plaintiff's physical and mental impairments do not meet or equal the criteria for any Listing. The ALJ also discussed the "paragraph B" criteria and found that plaintiff has no more than a mild limitation in each of the four relevant domains—understanding, remembering, and applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 15-16). Because plaintiff does not have at least one extreme or two or more marked limitations, the ALJ found the paragraph B criteria are not satisfied. (R. 17).

At step four, the claimant must show that her impairment or combination of impairments prevents him from performing work she has performed in the past. The ALJ first determines the claimant's residual functional capacity (RFC) based on all the relevant medical and other evidence. 20 C.F.R. § 416.920(e); *see also Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ next determines the physical and mental demands

of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023 (citing 20 C.F.R. § 404.1520(e)). Finally, the ALJ determines whether the RFC from phase one allows the claimant to meet the job demands found in phase two. *Id.*

Here, the ALJ determined that plaintiff has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except that: [plaintiff] must avoid concentrated exposure to pulmonary irritants such as fumes, dust, and odors.

(R. 20). Based on this RFC, the ALJ found that plaintiff is capable of performing past relevant work as a bill collector (both as generally and actually performed). (R. 26). Accordingly, the ALJ found plaintiff not disabled at step four. *Id*. The ALJ also found in the alternative that plaintiff is capable of performing other jobs existing in significant numbers in the national economy, including small products assembler (DOT # 706.684-022), collator operator (DOT # 208.685-010), and silver wrapper (DOT # 318.697-018). (R. 27-28).

## IV.    Discussion

Plaintiff argues that the RFC determination failed to adequately address plaintiff's limitations.[2] Specifically, she contends that the ALJ failed to adequately address evidence

---

[2]    Plaintiff asserts other arguments in her opening brief. (*See* Doc. 11). Because the case is remanded for other reasons explained herein, the remaining arguments need not be decided here, as the proceedings on remand may affect subsequent steps of the ALJ's analysis. However, the Court notes that the Commissioner effectively concedes one of plaintiff's arguments: i.e., that the ALJ erred in finding that her past job as a bill collector constitutes past relevant work for the purpose of disability. (*See* Doc. 16 at 9). As such, if necessary, the ALJ on remand should amend or properly support her finding that plaintiff's past job of bill collector is past relevant work.

that plaintiff requires multiple breaks throughout a workday in order to take her breathing medication.

A claimant's subjective complaints of pain or other symptoms, alone, cannot establish disability. *See* 20 C.F.R. § 404.1529(a). In assessing the intensity and persistence of a claimant's pain, the Commissioner will consider objective medical evidence and will "carefully consider any other information [a claimant] may submit about [their] symptoms." 20 C.F.R. § 404.1529(c). In evaluating such statements, an ALJ must consider: "(1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a 'loose nexus'); and (3) if so, whether considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)).[3]  Consistency determinations "are peculiarly the

---

[3]      While the Commissioner now describes the analysis as involving a two-step process, the current regulatory policy generally comports with the approach as outlined in previous cases, including *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and *Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012). *See Paulek v. Colvin*, 662 F. App'x 588, 593-94 (10th Cir. 2016) (unpublished). (Under 10th Cir. R. 32.1(A), "[u]npublished decisions are not precedential, but may be cited for their persuasive value.").

The applicable regulations further explain that in evaluating pain, the Commissioner considers factors including

> (i) [the claimant's] daily activities;
> (ii) The location, duration, frequency, and intensity of . . . pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate . . . pain or other symptoms;

province of the finder of fact." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *see also White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2001) (ALJ's evaluation of symptom allegations "warrant particular deference").[4] However, the ALJ must explain "the link between the evidence and" consistency determination. *Kepler*, 68 F.3d at 391; *see also* 20 C.F.R. § 404.1529 (ALJ must provide "specific reasons . . . supported by the evidence in the case record"). Courts "will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue,* 602 F.3d 1136, 1144 (10th Cir. 2010) (citing *Diaz v. Sec'y of Health & Hum. Servs.,* 898 F.2d 774, 777 (10th Cir. 1990)).

---

(v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of . . . pain or other symptoms;
(vi) Any measures [the claimant] use[s] or ha[s] used to relieve . . . pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c); *see also Keyes-Zachary,* 695 F.3d at 1167; *Branum*, 385 F.3d at 1273-74 (quoting *Hargis v. Sullivan,* 945 F2d. 1482, 1489 (10th Cir. 1991)) (describing several similar factors which should be analyzed).

[4]    The Commissioner no longer uses the term "credibility." *See* Social Security Ruling (SSR) 16-3p, 2017 WL 5180304 (explaining purpose to "eliminat[e] the use of the term 'credibility' from [the Commissioner's] sub-regulatory policy, as our regulations do not use this term," and "clarify[ing] that subjective symptom evaluation is not an examination of an individual's character"). However, the agency continues to follow the same "fundamental rule . . . that 'if an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence and the other evidence, [an ALJ] will determine that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities.'" *Zhu v. Comm'r, SSA*, No. 20-3180, 2021 WL 2794533, at *5 n.7 (10th Cir. July 6, 2021) (unpublished) (quoting SSR 16-3p).

Here, plaintiff testified that walking causes shortness of breath after "just a couple of minutes" and that she can walk "maybe a few feet" before needing to sit down and rest. (R. 21). She also testified that she can stand or walk for "'5 minutes maybe' at one time before needing to sit down due to shortness of breath and weak and shaky legs." *Id*.  She stated that her prescription for Dulera, a bronchodilator, requires her to undergo breathing treatment every four to six hours, requiring her to sit while breathing into a machine for 20 to 25 minutes each time. (R. 44). Plaintiff testified that she has been using similar breathing treatments since 2011. *Id*.

The ALJ's decision noted that plaintiff's "'number one' problem preventing her from working is her breathing" and that plaintiff "takes breathing treatments 'every 4-6 hours depending on her need,'" for approximately 20 minutes at a time, and that she would need approximately two such breaks in a workday. (R. 21). However, the ALJ found "inconsistency between the totality of the medical evidence and [plaintiff's] allegations of disabling symptoms and limitations . . . ." (R. 23). The ALJ explained that, although plaintiff "stated that she would need to engage in multiple breathing treatment sessions (each of at least 20 minutes' duration) over any given 8-hour workday," the ALJ found "no reference in [plaintiff's] medical records to her reporting having actually engaged in daily breathing treatments at that frequency." *Id*.

The discussion cited above does not adequately explain why the ALJ discounted plaintiff's testimony about her breathing treatments. The ALJ must explain the "link between the evidence and credibility determination." *Kepler*, 68 F.3d at 391. Here, however, the ALJ cited no record evidence contrary to plaintiff's testimony on this issue.

Furthermore, as plaintiff points out in her reply brief, the ALJ failed to meaningfully address evidence that was consistent with plaintiff's testimony. For example, progress notes from a May 23, 2017 examination indicate that plaintiff was taking medications including Ipratipium-albuterol- 0.5 mg 3 mg (2.5 mg base)/3 ml. Every 4-6 hours as needed." (R 330). The same or similar medications are also listed in other treatment visit notes in the record, (*see, e.g.*, R. 334-391, 452), and in the consultative examination notes of Subramanium Krishnamurthi, M.D. (R. 426). Although the ALJ's decision indicated that she reviewed these records, the decision did not explain how she considered or weighed this medical evidence in concluding that plaintiff's RFC did not require the alleged breaks for breathing treatment.

This error is potentially material to the ALJ's disability determination in this case. In response to the ALJ's questioning at the hearing, the VE testified that an individual with plaintiff's RFC who would need to be "away from her workstation two to three hours on a consistent basis day in and day out" to undergo breathing treatments would be precluded from competitive employment. (R. 57). Accordingly, the ALJ's decision is reversed. On remand, the ALJ should address evidence in the record that is consistent with plaintiff's testimony about her breathing treatments.

## V.    Conclusion

For the reasons set forth above, the Court finds the ALJ's RFC determination is not supported by substantial evidence. Therefore, the decision of the Commissioner finding Plaintiff not disabled is **reversed and remanded** for further proceedings consistent with this opinion.

**SO ORDERED** this 30th day of September, 2022.

Christine D. Little
United States Magistrate Judge